### DUGOFF v. ZEMAN et al.

(Supreme Court, Appellate Term.  February 25, 1901.)

APPEAL—SUFFICIENCY OF EVIDENCE.

> On the trial of an action to recover money deposited by plaintiff as security while in defendants' employ, plaintiff and his attorney testified that a receipt for the money, signed by defendants, which plaintiff produced on a former trial, had been lost; and plaintiff testified, as upon the former trial, that the deposit had never been repaid to him. Defendants repeated their testimony on the former trial that plaintiff had refused to make a certain affidavit for them unless his deposit was repaid, and that the identical bills which he had deposited were returned to him. They also testified that the receipt was returned to them, which conflicted with their testimony given on the former trial. *Held*, that a judgment for defendants would not be reversed as against the weight of evidence.

Appeal from municipal court, borough of Manhattan, Fifth district.

Action by Isaac Dugoff against Isaac D. Zeman and another. From a judgment for defendants, plaintiff appeals.  Affirmed.

Argued before ANDREWS, P. J., and O'GORMAN and BLANCHARD, JJ.

Shafer & Levin, for appellant.

E. Rosenthal, for respondents.

ANDREWS, P. J.  This action was brought to recover for money deposited by the plaintiff as security while in the employ of the defendants.  The case has been tried twice.  Upon the first trial, judgment was rendered for the plaintiff, but on appeal it was reversed (63 N. Y. Supp. 1107) because it did not appear in the evidence that the defendants were residents of the borough of Manhattan.  Upon the second trial the case was decided in favor of the defendants.

Upon the first trial the plaintiff produced a written receipt for $50 signed by the defendants, and testified that the deposit had never been repaid to him.  The defendants testified that while the plaintiff was in their employ he was requested to make an affidavit upon which they could institute criminal proceedings against another employé of theirs; that the plaintiff refused to make this affidavit unless he was repaid his $50; that the money was thereupon repaid to him, in the identical bills which he had deposited, and which had been kept in a safe; that soon after the money was repaid the plaintiff was asked about the receipt, and said that he had mislaid it.  On the second trial the plaintiff and his attorney testified, in substance, that the receipt which had been produced upon the first trial had been lost or mislaid, and could not be produced in court again; and the plaintiff also testified that the deposit had never been

repaid to him. On this trial the defendants, as upon the former trial, testified as to the refusal of the plaintiff to make the affidavit in question unless his deposit was repaid to him, and repeated their testimony given on the first trial that the identical bills which the plaintiff had deposited were returned to him. They also testified that at the time of such payment the receipt which had been given to him was returned to them, which latter statement conflicted with the testimony given on the first trial. Notwithstanding this discrepancy in the evidence, the court below rendered judgment in favor of the defendants; and, as I cannot see that the decision was against the weight of evidence, the judgment should be affirmed, with costs. All concur.

